UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

DOUGLAS MICHAEL BROWN, JR.,   :
#1006008,   :
   :
     *Petitioner,*   :
   :
v.   :   Civil Action No. 2:12cv117
   :
HAROLD CLARKE,   :
Director Virginia Department   :
Of Corrections,   :
   :
     *Respondent.*   :

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Douglas Michael Brown, Jr. is a Virginia inmate currently serving a 20-year sentence following a 2009 conviction for grand larceny. His federal habeas petition alleges nine claims related to his right to counsel, due process and the sufficiency of the evidence. The Respondent moved to dismiss, and the matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Rule 72(b) of the Federal Rules of Civil Procedure.

For the reasons set forth in detail below, the undersigned recommends that the court GRANT Respondent's motion, and DISMISS the petition. Brown's due process challenge attacking the evidence against him, and two of his three claims of ineffective assistance of counsel should be dismissed as the state court's

1

merits determination was neither contrary to, nor based on an unreasonable application of federal law or factual finding. The third ineffective assistance of counsel claim, alleged for the first time in this petition, is procedurally defaulted, and Brown's lack of counsel during the initial collateral review process does not establish cause to excuse the default. Finally, Brown's remaining claims are also procedurally defaulted and barred from federal review.

## I. <u>STATEMENT OF THE CASE</u>

Brown was charged with stealing a truck and convicted on February 2, 2009, in the Circuit Court of Colonial Heights. He is presently serving 20 years in prison for grand larceny. (ECF No. 2 at 5). He appealed his conviction to the Virginia Court of Appeals, which denied it on September 24, 2009. <u>Brown v. Commonwealth</u>, No. 0405-09-2 (Va. Ct. App. Sept. 24, 2009). The Supreme Court of Virginia then refused Brown's petition for appeal. <u>Brown v. Commonwealth</u>, No. 092367 (Va. Mar. 19, 2010). On direct appeal, Brown challenged only the sufficiency of the evidence.

Thereafter, Brown filed a habeas corpus petition in the Circuit Court. He raised several allegations, which the Circuit Court interpreted as follows:

(1) He was denied the effective assistance of counsel in that his trial attorney failed to file a motion to dismiss that petitioner had presented to him;

(2) Juror misconduct related to an alleged recess conversation between a juror and the wife of a victim of one of the petitioner's prior offenses;

(3) Ineffective assistance of counsel due to a complete breakdown in communications and counsel's alleged failure to file numerous motions that petitioner had wanted him to file for the defense;

(4) Vindictive prosecution when the Commonwealth's Attorney, allegedly due to a personal vendetta against Petitioner, direct-indicted him on the grand larceny charge, which had previously been nolle prossed; and

(5) Insufficiency of the evidence because the Commonwealth did not prove that petitioner had possessed the truck that had been stolen in Colonial Heights.

Brown v. Commonwealth, No. CL 11-90 (City of Colonial Heights Cir. Ct., May 31, 2011) (unpublished). While the state petition was pending, Brown filed a motion for leave to amend it in order to assert an additional ineffectiveness claim related to his attorney's failure to raise the juror misconduct issue. The Circuit Court denied the motion to amend and thereafter found no merit in any of the claims asserted and dismissed the petition

on May 31, 2011. <u>Id.</u> Brown appealed to the Supreme Court of Virginia, which refused his petition for appeal. <u>Brown v. Commonwealth</u>, No. 111387 (Va. Feb. 14, 2012).

On February 16, 2012,[1] Brown, proceeding <u>pro se</u>, filed the present habeas petition pursuant to 28 U.S.C. § 2254. He raises several claims which roughly parallel those presented in his state habeas filings:

(a) That he was denied effective assistance of counsel when his trial attorney (1) failed to secure a change of venue, (2) did not move the court to dismiss the direct indictment, and (3) failed to move the court for a mistrial due to juror misconduct;

(b) That his conviction was obtained by prosecutorial misconduct in that (1) his prosecution was vindictive as it was motivated by a prior case in which Brown was convicted of the involuntary manslaughter of an off-duty police officer, (2) his due process rights were violated when he was denied a preliminary hearing, and (3) his jury included a person who knew the wife of the officer who died in the previous offense;

(c) That the evidence used to convict Brown was insufficient; and

---

[1] Though the Court's filing stamp reflects receipt on March 2, 2012, for purposes of this R & R the pleading will be deemed filed on February 16, 2012, the date it was placed in the prison mailing system. <u>Houston v. Lack</u>, 487 U.S. 266, 276 (1988).

(d) That the trial court violated Petitioner's double jeopardy rights and right to a speedy trial.

(ECF No. 1 at 5-12).

Respondent filed a Rule 5 Answer and Motion to Dismiss, along with brief in support. (ECF Nos. 5, 6, 7). As required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7(K), Brown was advised of his right to file opposing affidavits, statements, exhibits, and legal memoranda, as well as the possible consequences of failing to oppose Respondent's filing. Brown responded to the Motion to Dismiss which is now ripe for judicial review.

## II. RECOMMENDED FINDINGS OF FACT AND CONCLUSIONS OF LAW

Habeas petitions filed pursuant to 28 U.S.C. § 2254(a) challenge a state's custody over a petitioner on the grounds that such custody violates the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Before applying for federal habeas relief, however, a petitioner must first exhaust the remedies available in state court or demonstrate the absence or ineffectiveness of such remedies. 28 U.S.C. § 2254(b)(1). Therefore, before a state prisoner can apply for federal habeas relief, he must first give the state court an opportunity to consider alleged constitutional errors occurring in his trial and sentencing. Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998). "To satisfy the exhaustion requirement, a habeas

petitioner must fairly present his claim to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997); Picard v. Connor, 404 U.S. 270, 275-76 (1971). Respondent concedes, and the undersigned agrees, that for purposes of federal review, Brown's claims have been exhausted, either because he previously presented them to the state's highest court, or because he would now be procedurally barred from doing so. (ECF No. 7 at 2).

Once a petitioner's state remedies have been exhausted, a federal court still may not grant relief on any claim adjudicated on the merits by the state court, unless the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law" or "resulted in a decision that was based on an unreasonable determination of the facts." 28 U.S.C. §§ 2254(d)(1)-(2). A state court's decision is contrary to clearly established federal law if the court arises at a conclusion opposite to that reached by the Supreme Court on a question of law, or decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 412-413 (2000). A state court unreasonably applies clearly established law if it identifies the correct legal principle, but unreasonably applies it to the facts of the case. Id. at 413. A state court makes an unreasonable determination of

fact when its application of the law depends, in whole or in part, on a factual finding that is not supported by evidence in the record. See Wiggins v. Smith, 539 U.S. 510, 528, 123 S.Ct. 2527 (2003) (finding contradicted by documentary record demonstrated "partial reliance on an erroneous factual finding" rendering court's conclusion unreasonable).

## 1. Brown's claim of insufficient evidence, Claim (c).

In allegation (c) Brown alleges that his conviction was based on insufficient evidence. Petitioner assigned as error this claim on direct review and alleged the same in his state habeas petition. As a result, review in this court is barred unless the state court's decision was contrary to or based on an unreasonable application of federal law. It was not.

An essential element of the right to due process is that "no person shall be made to suffer the onus of a criminal conviction except upon sufficient proof—defined as evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense." Jackson v. Virginia, 443 U.S. 307, 316 (1979) (discussing In re Winship, 397 U.S. 358 (1970)). Therefore, a petitioner who alleges that the evidence was insufficient to sustain a conviction has stated a constitutional claim cognizable in a federal habeas corpus proceeding. Id. at 321.

In reviewing a sufficiency of the evidence claim, the relevant inquiry is "whether, after viewing the evidence in the light most favorable to the prosecution, _any_ rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." _Id._ at 319 (emphasis in original). The reviewing court must consider circumstantial as well as direct evidence, and allow the prosecution the benefit of all reasonable inferences from the facts proven to those sought to be established. _United States v. Tresvant_, 677 F.2d 1018, 1021 (4th Cir. 1982).

In _Jackson_, the Supreme Court expressly recognized that its holding accorded "full play" to the responsibility of the fact-finder to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences. _Jackson_, 443 U.S. at 319. In _Wright v. West_, the Supreme Court expounded upon Jackson, stating:

> In _Jackson_, we emphasized repeatedly the deference owed to the trier of fact and, correspondingly, the sharply limited nature of constitutional sufficiency review. We said that "all of the evidence is to be considered in the light most favorable to the prosecution"; that the prosecution need not affirmatively "rule out every hypothesis except that of guilt"; and that a reviewing court "faced with a record of historical facts that supports conflicting inferences must presume – even if it does not affirmatively appear in the record – that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution."

505 U.S. 277, 296-97 (1992) (internal citations omitted) (emphasis in original).

As relevant to Brown's case, in Virginia "any person who . . . commits simple larceny not from the person of another of goods and chattels of the value of $200 or more . . . shall be guilty of grand larceny." Va. Code Ann. § 18.2-95 (2009). Brown contends that the evidence was insufficient to convict him of grand larceny. (ECF No. 2 at 16-19). In reviewing this challenge on direct appeal the Virginia Court of Appeals summarized the facts and arrived at the following holding:[2]

> On August 12, 2006, Joseph Markos parked, in Colonial Heights, the truck he drove for Lance, Inc. Markos used the truck to deliver snack products to businesses in Richmond. Markos left the keys to the vehicle in the ignition. Also in the truck were a set of keys to the Lance vending machines and various Lance snack products. When Markos checked the truck on August 14, 2006, he discovered the truck was missing. A representative of Lance contacted the police, reported the vehicle was stolen, and provided the police with the license plate number of the truck.
>
> Appellant was seen in Colonial Heights during the early morning hours of August 12, 2006. Appellant was

---

[2] Brown raised this claim on his direct appeal and again in his state habeas petition. The claim was rejected on the merits on direct appeal by the Virginia Court of Appeals, and in a summary order, the Supreme Court of Virginia denied Brown's appeal. The claim was then rejected in his state habeas petition based on Henry v. Warden, which states that a non-jurisdictional issue raised and decided either in the trial or on direct appeal will not be considered in a habeas proceeding. 265 Va. 246, 576 S.E.2d 495 (2003). Therefore, the Court of Appeals decision on Brown's direct appeal is the highest reasoned state court decision on this claim, and it is presumed that the Supreme Court of Virginia's denial of Brown's appeal rests on the same grounds. See Roberts v. Johnson, 2:05CV331, 2006 WL 1881002 (E.D. Va. July 6, 2006) (citing Ylst v. Nunnemaker, 501 U.S. 797, 803, at *3 (1991)) ("Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim [are presumed to] rest upon the same ground.").

driving a van that was involved in an accident in the south part of Colonial Heights.

Randall Snow, who lived in Albemarle County, testified that appellant arrived at Snow's residence during the week after August 12, 2006. Appellant was driving a 'potato chip truck.' Appellant gave Snow's children some potato chips from the truck.

On August 17, 2006, the police found in Albemarle County a Lance delivery truck with the same identifying characteristics as the stolen truck. The same truck that had been stolen later was returned to Lance.

At the time of his arrest in Albemarle County on August 17, 2006, appellant had in his possession the set of vending machine keys that had been in the Lance truck when it was stolen. Appellant told the police he would 'make it easy' for them regarding 'that Lance truck.' Appellant said he would 'just plead out' and not 'fight it.'

* * *

Appellant was in Colonial Heights on the date the Lance delivery truck went missing. He was later seen in Albemarle County in a 'potato chip truck,' from which he dispensed snack items. The stolen truck was found in Albemarle County. When appellant was arrested in Albemarle County on August 17, 2006, he had in his possession a set of vending machine keys that were in the truck at the time of the theft. Moreover, appellant's statement to the police admitted his involvement in the theft of the truck. Considering these facts and circumstances, the evidence was sufficient to prove beyond a reasonable doubt that appellant stole the truck in Colonial Heights.

Brown v. Commonwealth, No. 0405-09-2 at 12-14.

After reviewing the transcript of the trial and the opinion of the Court of Appeals, the undersigned finds no unreasonable determination of fact, nor any unreasonable application of

federal law in the Virginia Court of Appeals' analysis. The jury heard all of the evidence and made its own factual determinations as to credibility and consistency of the testimony. In the excerpt cited above the Court of Appeals recounted ample evidence to sustain Brown's grand larceny conviction. Brown's argument that the evidence was not sufficient to show he possessed the particular Lance truck stolen from Colonial Heights and recovered in Albemarle was rejected by the jury. Viewing the evidence in the light most favorable to the Commonwealth, especially Brown's statement that he would "plead out," and not "fight it"; his possession of the vending machine keys; and Snow's testimony describing the truck, the Court of Appeals' finding that this evidence was adequate to sustain Brown's conviction was not unreasonable, particularly given the "sharply limited nature of constitutional sufficiency review." Wright v. West, 505 U.S. at 296-97. Therefore the undersigned recommends that the court dismiss claim (c).

   2. **Ineffective Assistance of Counsel, Claims (a)(1) and (a)(2).**

   Though phrased slightly differently in his federal petition, Brown's ineffectiveness claims (a)(1) and (a)(2) were resolved against him on the merits in the Circuit Court of Colonial Heights. Neither decision was contrary to, or based on

an unreasonable application of federal law, nor on an unreasonable determination of fact.

In order for Brown to succeed on his effectiveness claim, he must satisfy both the "performance" and "prejudice" prongs of the two-part test set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984).[3] To satisfy the "performance" prong of the test, petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. To satisfy the "prejudice" prong of the test, Petitioner must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.[4]

Brown's ineffective assistance of counsel claims in (a)(1) and (a)(2) concern his attorney's alleged failure to file pretrial motions which Brown thought should be pursued. In his federal petition, Brown more clearly describes two motions he allegedly urged on his counsel, including a motion to change venue and a motion to dismiss the indictment. The Circuit Court, addressing the merits of these two arguments, relied on

---

[3] As both prongs of the test are "separate and distinct elements" of an effective assistance claim, Brown must satisfy both the requirements of the test to prevail on the merits. Spencer v. Murray, 18 F.3d 229, 232-33 (4th Cir. 1994); Strickland, 466 U.S. at 697.

[4] "Reasonable probability" has been defined as "a probability sufficient to undermine the confidence in the outcome." Strickland, 466 U.S. at 694.

the trial record to determine that Brown's trial counsel was not

ineffective in failing to present them. The court wrote:

> The Court next dismisses present allegation (c) under both prongs of Strickland. First, this claim is facially deficient under the prejudice prong of Strickland, for failure to proffer or demonstrate a reasonable probability of a different result at trial, but for any of counsel's claimed errors. Cf. United States v. Oliver, 865 F.2d 600 (4th Cir. 1989). Further the present allegation is too vague and conclusory to state a cause of action under either prong of Strickland. See also Penn v. Smyth, 188 Va. 367, 49 S.E.2d 600 (1948). Further at pre-trial proceedings as well as trial petitioner represented his satisfaction with defense counsel's representation as to most matters. Brown identified only three motions that defense counsel supposedly should have filed. . . The Court's review of the . . . motions mentioned by Brown, and defense counsel's explanations for not raising them, demonstrates that petitioner was not deprived of the effective assistance of counsel under either prong of Strickland.

Order at 2-3, Brown v. Commonwealth, No. CL 11-90 (City of

Colonial Heights Cir. Ct. May 31, 2011). There is no evidence

that the Circuit Court of Colonial Heights' holding was based on

an unreasonable determination of fact, or an unreasonable

application of clearly established federal law. The transcript

of the trial reveals that these motions were discussed when

Brown was arraigned and his counsel explained the basis for not

filing them. (See ECF No. 2-1 at 28-29, 33). The state court's

finding that counsel's actions met neither prong of the

Strickland test was not unreasonable nor contrary to federal

law. Accordingly, the undersigned recommends the court dismiss claims (a)(1) and (a)(2).

3. **Ineffective Assistance of Counsel, Claim (a)(3), failure to raise alleged juror bias.**

Brown's third ineffectiveness claim was not squarely addressed by the Circuit Court Order denying his petition. Although Brown's state petition included a claim of juror misconduct and the same affidavit presented with his federal petition, the Commonwealth explicitly noted in its state court briefing that Brown had not raised his attorney's ineffectiveness in failing to assert the juror issue. (ECF No. 7 at 6). Brown moved to amend his petition to specifically raise his attorney's alleged ineffectiveness but his motion was denied. As a result, the state habeas court did not address this claim of ineffectiveness.

Until recently, Brown's failure to raise the ineffectiveness claim in his pro se′ state petition would clearly result in procedural default, barring federal review. Wainwright v. Sykes, 433 U.S. 72, 84-85 (1977). The absence or ineffectiveness of post-conviction counsel would not qualify as cause to excuse that default. Maples v. Thomas, 132 S.Ct. 912, 922 (2012); Coleman v. Thompson, 501 U.S. 722, 753-54 (1991). But earlier this year the Supreme Court created a narrow qualification to Coleman, holding that the absence of counsel,

14

or ineffective counsel during initial collateral review proceedings may constitute "cause" to excuse procedural default and permit federal review of an otherwise defaulted ineffectiveness claim. Martinez v. Ryan, 132 S.Ct. 1309, 1318-19 (2012). The exception, though narrow, may apply to Brown's third ineffectiveness claim.[5]

Martinez established a test to determine whether a petitioner can establish cause for defaulting on an ineffective assistance claim on the basis of inadequate representation in state habeas proceedings. First, the state imposing the conviction must require the prisoner to raise an ineffective assistance claim in a collateral proceeding rather than on direct review. Martinez, 132 S.Ct. at 1318. Second, the state must have failed to appoint counsel in the initial-review collateral proceeding, or appointed counsel in the collateral proceeding must have been ineffective. Finally, the underlying ineffective assistance claim must have "some merit." Id.

Virginia does require ineffectiveness claims to be presented on collateral review. See Lenz v. Commonwealth, 544 S.E.2d 299, 304 (Va. 2001) (explaining that ineffective assistance claims must be brought in state habeas corpus

---

[5] Although Brown has not cited Martinez, nor argued that it permits review of the otherwise defaulted claim, the Commonwealth addressed the implications of the case in detail in its opening brief.

proceedings). As a result, Brown's defaulted third ineffectiveness claim meets the first part of the test.

Respondent argues, however, that <u>Martinez</u> does not excuse Brown's procedural default of Claim (a)(3) because Brown failed to request counsel, and this court should not presume that the Commonwealth would have denied him counsel had he requested it. (ECF No. 7 at 12-13). As Brown points out, however, he did request appointment of counsel when seeking leave to amend his petition. The state court denied this motion without commenting on Brown's request for counsel, and it is not disputed that Brown proceeded in his first collateral review without an attorney. <u>See</u> <u>Martinez</u>, 132 S.Ct. at 1318. As a result, the second requirement to invoke the equitable remedy of <u>Martinez</u> appears to be met.

Nonetheless, Respondent contends that the court should not invoke the equitable remedy provided under <u>Martinez</u> because Brown's "clear intelligence, familiarity with procedures governing criminal law and habeas corpus" suggests that his failure to properly assert the claim in (a)(3) resulted from his own dilatory behavior, and not from the absence of counsel. The court concedes that Brown's <u>pro</u> <u>se</u>´ pleadings are above average, however, they are <u>pro</u> <u>se</u>´ pleadings. Moreover, the underlying juror bias issue was alleged in Brown's initial state petition, and it is possible, as a lay person, Brown believed this would

likewise present the issue of his counsel's alleged failure to raise it. Accordingly, the undersigned does not find Brown's familiarity with criminal law and habeas procedures equates to representation by counsel.[6]

Finally, _Martinez_ requires that the defaulted ineffectiveness claim be "substantial" or have "some merit." _Id._ at 1318 (citing _Miller-El v. Cockrell_, 537 U.S. 322 (2003) (describing standards for certificates of appealability to issue)). Brown's claim does not meet this requirement. As alleged in his federal habeas petition, the undersigned finds an insufficient basis to recommend equitable relief under _Martinez_ to permit an evidentiary hearing on Brown's defaulted third ineffectiveness claim.

Brown's claim in (a)(3) relates to his attorney's alleged failure to pursue a claim of juror bias allegedly disclosed by the affidavit of Linda Beasley, who attended the trial. Although not stated in her affidavit, the trial record reveals that Beasley is Brown's mother. (City of Colonial Heights Cir. Ct. Feb. 2, 2009), Trial Tr. 133, Feb. 2, 2009.

Beasley's affidavit, which was submitted to the state trial court with Brown's original habeas petition, states that on the day of trial she observed a juror speak to the widow of a police

---

[6] Brown signed the pleadings and appears pro se´, however, some of the text in his briefs specifically refers to Brown in the third person and suggests that an unidentified "legal advocate" actually prepared Brown's filings. (ECF No. 11 at 4 n.3).

officer who had been killed during a high-speed chase involving Brown. The affidavit does not describe the juror in any way, but states that after the lunch recess, Beasley watched as the unidentified juror gave the widow "a hug, carried on a conversation with her, then returned to the jury room for court to begin." (ECF No. 2-1 at 31). The affidavit continues, claiming Beasley told Brown's attorney of the contact and "asked him if he should not bring this improper contact with the jury member to the attention of the court." Id. Beasley does not describe what Brown's attorney said, if anything, in response to the question, but concludes by stating that Beasley asked counsel to make a formal objection, but that he never mentioned the information during the trial. Id.

In order to understand the potential relevance of Beasley's affidavit, it helps to know more about Brown's role in the officer's death, and the relevance of that other offense to Brown's trial on the grand larceny charge underlying this conviction.

Prior to his trial on the grand larceny charge, Brown had been convicted of voluntary manslaughter in the death of an off-duty police officer killed during a high-speed chase. Brown v. Commonwealth, 278 Va. 523, 685 S.E.2d 43 (2009). The chase occurred on the same day as the theft of the Lance vending truck underlying Brown's grand larceny conviction. Prior to trial on

18

the grand larceny charge, Brown agreed to stipulate that on the day in question he "was present in the City of Colonial Heights" where the chase occurred and the Lance truck went missing – that he was "driving a van that was wrecked near the Boulevard on the south end of the city," and that he was "not seen in the area of the accident after the van he drove was wrecked." Trial Tr. 71

71. Apparently, the purpose of this stipulation was to avoid potential prejudice which might arise if the Commonwealth sought to introduce all of the circumstances leading to the crash in order to place Brown near the scene where the Lance truck had been parked. As a result of the stipulation, the Commonwealth did not introduce any other evidence of the crash, nor did the court inquire on <u>voir</u> <u>dire</u> about any juror's knowledge of Brown's involvement in the crash, or the officer's death which resulted in Brown's prior conviction. To do so, of course, might have undermined the entire strategy which led to the negotiated stipulation.

Against this factual background, Brown asserts that his mother's affidavit regarding a hug between an unnamed juror and the officer's widow raises a substantial claim of ineffectiveness resulting from his attorney's alleged failure to pursue the claim. In reviewing an ineffective assistance of counsel claim, the relevant inquiry is whether "counsel's unprofessional errors so upset the adversarial balance between

defense and prosecution that the trial was rendered unfair and the verdict rendered suspect." Kimmelman v. Morrison, 477 U.S. 365, 374 (1986). However, this presumption is not easily overcome, as "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgement." Strickland v. Washington, 466 U.S. 668, 690 (1984).

Brown was entitled to trial before "a panel of impartial, indifferent jurors." Irvin v. Dowd, 366 U.S. 717, 722 (1961). But in determining whether he was denied his right to a fair and impartial jury, a distinction must be made between mere familiarity with the defendant or his past and an actual predisposition against him. Murphy v. Florida, 421 U.S. 794, 800 (1975); Bell v. True, 413 F. Supp. 2d 657, 713-14 (W.D. Va. 2006)(denying habeas relief despite affidavit by a juror regarding conversations between unnamed "lady jurors" discussing their relationship with the victim and his family).

Here, Brown's evidence of alleged impartiality is insufficient to state a substantial claim for ineffectiveness even accepting Beasley's affidavit as true. First, the affidavit fails to identify the juror – even by gender – a defect which seriously diminishes its usefulness to Brown's counsel, or to the court on habeas review. The affidavit also incorrectly states that the conversation occurred between the

widow "of [the] police officer whose death occurred in the case being tried that day." (ECF No. 2-1 at 31). In fact, as was well known to Brown and his counsel, the trial that day involved only the theft and the jury had heard nothing concerning Brown's role in the car chase or his prior conviction. More importantly, however, the incident - a brief hug and unknown greeting of a person unrelated to the charge being tried - does not suggest any bias relevant to the matters soon to be under deliberation. Counsel had negotiated a stipulation to avoid testimony concerning Brown's involvement in the fatal car chase, and as a result, the jury heard nothing of it prior to returning its finding of guilt. Prior to deliberating, the jury was instructed to base its verdict solely on the evidence introduced at trial. Trial Tr. 94, 104-05. Jurors are presumed to follow the jury instructions they are given. Richardson v. Marsh, 481 U.S. 200, 206 (1987).

At sentencing, counsel adopted a different strategy. Rather than attempt to minimize the prior offense, Brown's counsel introduced evidence at sentencing of Brown's extensive prior criminal record and the 35-year sentence Brown would already serve as a result of his convictions on the chase-related charges and the consequent revocation of suspended time on other charges. Trial Tr. 132, 143-44). ("Mr. Brown is going

to be 65 or 70 years old regardless of what you-all decide today" before he is released.).

Although the jury, unpersuaded by counsel's plea for mercy, recommended the maximum sentence on the grand larceny conviction, the Beasley affidavit is insufficient to create a substantial claim that Brown's counsel failed either prong of the Strickland test by declining to act on it. Neither the officer nor his widow were identified prior to the jury's verdict finding Brown guilty. Brown's speculation concerning the nature of the relationship (if any) between the unknown juror and the widow creates no inference of bias in his unrelated grand larceny conviction. See Cross v. United States, No. 2:06cv457, 2007 WL 128964 at *4-5 (E.D. Va. Jan. 12, 2007) (unpublished) (rejecting claim of juror bias based on defendant's conclusory claims that two jurors knew the victim of defendant's unrelated prior shooting). Absent some evidence which counsel could have used to pursue a "substantial" habeas claim in state court, Brown's lack of counsel in those proceedings is not sufficient to remove the bar of procedural default using Martinez's equitable remedy. Accordingly, the undersigned recommends the court dismiss Brown's third ineffectiveness claim as procedurally defaulted.

### 4. **Brown's remaining claims are procedurally defaulted.**

The only claim Brown assigned as error in his direct appeal to the Virginia Court of Appeals and Virginia Supreme Court was that his conviction of grand larceny was obtained on the basis of insufficient evidence. Several of his present habeas claims were known to Brown prior to his direct appeal and should have been presented. Specifically, Brown's claims of prosecutorial misconduct related to vindictive prosecution (b)(1), Va. Code § 19.2-218(b)(2), and juror misconduct (b)(3) as well as his double jeopardy and speedy trial claims (d). Brown's failure to advance these claims during direct appeal results in those claims being simultaneously exhausted and procedurally defaulted. Teague v. Lane, 489 U.S. 288, 297-99 (1989); Bassette v. Thompson, 915 F.2d 932, 935-37 (4th Cir. 1990).

"Under Virginia law, failure to raise a claim on direct appeal from a criminal conviction ordinarily bars consideration of that claim in any subsequent state proceeding." Smith v. Murray, 477 U.S. 527, 533 (1986) (citing Slayton v. Parrigan, 215 Va. 27, 205 S.E.2d 680 (1980)). To preserve an issue for appeal and for a habeas corpus proceeding, the issue must be timely objected to at trial or on direct appeal. Coppola v. Warden of the Va. State Penitentiary, 282 S.E.2d 10, 12 (Va. 1981). If a claim is procedurally barred in Virginia courts because it was not brought on direct appeal, it will also be

barred in the federal system.  Id. at 378-79 (4th Cir. 2000).
The Virginia procedural rule which prohibits claims in a state
habeas petition which were not presented on direct appeal, is an
adequate and independent state law basis for procedural default.
Clagett, 209 F. 3d at 378; Weeks v. Angelone, 4 F. Supp. 2d 497,
517-18 (E.D. Va. 1998); see also Va. Code 8.01-654(B)(2)(2007).

A petitioner may overcome a procedural default by showing
"cause and prejudice" or by establishing that his confinement
constitutes "a miscarriage of justice."   Wainwright v. Sykes,
433 U.S. 72, 90-91 (1977). A procedural default is excusable
under the cause and prejudice standard when the petitioner
demonstrates (1) "that some objective factor external to the
defense impeded counsel's efforts to comply with the State's
procedural rule" and (2) that "errors at his trial . . . worked
to his actual and substantial disadvantage, infecting his entire
trial with errors of constitutional dimensions."   Wolfe v.
Johnson, 565 F.3d 140, 158 n.27 (4th Cir. 2009) (quoting Murray
v. Carrier, 477 U.S. 478, 488 (1986); United States v. Frady,
456 U.S. 152, 170 (1982)).   A proper showing of "actual
innocence" is sufficient to satisfy the "miscarriage of justice"
requirement. See House v. Bell, 547 U.S. 518, 536-37 (2006).

The Virginia Supreme Court Rule stated in Slayton v.
Parrigan, constitutes an independent and adequate state law
ground, therefore, claims (b)(1) through (b)(3), (d) and (e) are

procedurally defaulted. See Vinson v. True, 436 F.3d 412, 417 (4th Cir. 2006). Absent cause and prejudice or proof of a miscarriage of justice, Petitioner's claims are barred from federal habeas review. Brown has not alleged cause or prejudice, or a miscarriage of justice and none is disclosed by the court's own review of the record. Therefore, the undersigned recommends that claims (b)(1), (b)(2), (b)(3), and (d) be dismissed.

## III. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Respondent's Motion to Dismiss be GRANTED and Brown's petition for writ of habeas corpus under 28 U.S.C. § 2254 be DISMISSED with prejudice.

## IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk any written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this Report to the objecting party, 28 U.S.C. § 636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2.  A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of right to appeal from a judgment of this court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir.1984); United States v. Schronce, 727 F.2d 91 (4th Cir.1984).

/s/
Douglas E. Miller
United States Magistrate Judge

_____

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

November 16, 2012

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Order was mailed this date to the following:

Douglas Michael Brown, Jr., #1006008
Augusta Correction Center
1812 Estaline Valley Road
Craigsville, VA  24430

Robert H. Anderson, III
Office of the Attorney General
900 E. Main Street
Richmond, VA  23219

                                    Fernando Galindo,
                                    Clerk of Court

                          By:_____
                                    Deputy Clerk

                                    _____, 2012