UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | | |
|---|---|---|
| DOUGLAS MICHAEL BROWN, JR., #1006008, | : : : | |
| *Petitioner,* | : : | |
| v. | : : | USDC Civil Action No. 2:12cv117 |
| HAROLD CLARKE, Director Virginia Department Of Corrections, | : : : : | USCA Case No. 13-6410 |
| *Respondent.* | : : | |

**UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I. STATEMENT OF THE CASE**

Petitioner Douglas Michael Brown, Jr., convicted of grand larceny, is currently sentenced to serve 20 years in prison following his 2009 conviction in the Circuit Court of Colonial Heights.[1] After this court denied his petition for federal habeas relief, Brown lodged a Notice of Appeal, and Motion for Certificate of Appealability. (ECF Nos. 17, 19). The court received both documents on March 4, 2013, more than 30 days after judgment on his petition became final.

---

[1] Brown's grand larceny sentence is set to run consecutive to lengthy sentences on other state convictions. As a result, he has not begun serving the sentence addressed by this petition.

1

Although received on March 4, 2013, Brown's cover letter, certificate and motion, are all dated January 10, 2013. The record in this court did not reflect when Brown mailed the notice, or whether the notice might be timely as a result of the mail box rule benefiting incarcerated pro sé litigants. Houston v. Lack, 487 U.S. 266, 276 (1988).

Accordingly, by unpublished Opinion dated July 24, 2013 the Fourth Circuit remanded this case for the limited purpose of allowing this court to make factual findings as to the date Brown properly delivered his Notice of Appeal to prison officials for filing. (ECF No. 24). The Opinion further directed that the record, as supplemented, should then be returned to the Fourth Circuit for further consideration.

Thereafter, the court entered an Order directing Brown to submit additional evidence, including affidavits and exhibits, sufficient to demonstrate the date Brown delivered the Notice of Appeal to prison mailing officials. The court also directed the Respondent to file any response to Brown's submission in anticipation of recommending findings of fact to the district judge.

In response to the court's Order, Brown filed four sworn statements and accompanying exhibits. Specifically, Brown filed an affidavit of his own (ECF No. 28, at 4-7), and a document styled "Memorandum in Support of Supplemental Record," in which he offers

additional facts to support his position that the Notice of Appeal was timely filed. (ECF No. 29). In addition, the court received an Affidavit from John N. Ward, another inmate in the Augusta facility where Brown is housed, (ECF No. 30), and from Bettie Lou Ward, John Ward's wife, who assisted Brown and Ward in investigating the filing issues. (ECF No. 27).

The Respondent filed a memorandum opposing Brown's supplemental filings, along with an Affidavit from the Augusta Correctional Facility Postal Assistant, L. Shifflett, and related exhibits. (ECF No. 32-1, 2, 3 and 4).

## II. SUMMARY OF SUPPLEMENTAL EVIDENCE

Brown's sworn exhibits contend that he submitted his Notice of Appeal and Motion for Certificate of Appealability to prison mailing officials on January 10, 2013.

The Affidavit of John N. Ward states that he assisted Brown in preparing his habeas pleadings, including his state and federal petition, as well as the Notice of Appeal and Petition for a Certificate of Appealability. (ECF No. 30 at 1-2). According to Mr. Ward's Affidavit "Brown's Notice of Appeal was placed in the prison mail box on January 10, 2013 well within the specified time allocated by rules of the court." A footnote to Mr. Ward's Affidavit states that the January 10th notice was "not sent certified mail, return receipt. It was simply placed in the prison mailbox with general correspondence mail." (Id. at 2, Note 1).

Mr. Ward then attested "approximately 30 or 40 days after Brown mailed the notice," he (Ward) asked his wife to check on the status of the appeal. The Wards learned through Bettie Ward's inquiry that this court received no Notice of Appeal. Mr. Ward then attests,

> The above information was discussed with Brown and he mailed an original copy of the January 10, 2013 Notice of Appeal and the Request for Certificate of Service (sic) on February 26, 2013 via Certified Mail, Return Receipt. The Court received this mailing.

Id. at 2, ¶ 5.

The Affidavit submitted by Bettie Lou Ward relates exclusively to matters arising after the deadline for appeal had expired. Mrs. Ward testified that she placed a phone call on Mr. Brown's behalf to a clerk's office to "check the status of his notice of appeal and his Application for a Certificate of Appealability" in late February. She claimed that she spoke to a representative who advised that the court had not received Brown's notice. She also alleges that this person advised her that Brown would have 60 days to file it. Although Bettie Lou Ward's Affidavit also recites that Brown mailed the notice on January 10, it is clear that Brown himself, or some other person, is the source of this information. (ECF No. 27 at 1).

Brown's Affidavit states that both the Notice of Appeal and Application for Certificate of Appealability "were placed in the institutional mail box on January 10, 2013," and "mailed to 600 Granby Street, Norfolk, Virginia 23510." (ECF No. 28 at 4). Brown

4

also attested to the inquiry undertaken by the Wards on his behalf and to a second, later mailing which he "delivered to prison officials on February 26, 2013." He stated that he sent the second mailing certified mail, return receipt requested. His Affidavit included a contemporaneously dated receipt for the certified mailing fees. (ECF No. 28 at 7).

The Respondent's Affidavit from the postal assistant, L. Shifflett describes the procedure adopted at Augusta for mailing correspondence:

> When an offender wants to mail out any correspondence, he must place it in a locked drop box located inside the housing unit. Each housing unit has a drop box for this purpose. Mail is retrieved from the drop boxes [daily] . . . then taken to the mailroom.

In the mailroom, the mail is "stamped and logged, if legal mail, and then sent out." The Affidavit also recites that offenders "must indicate that a package is legal mail in order for the package to be logged. If the package is not marked, the package will not be logged. The package will then be considered and mailed out as general correspondence. General correspondence is not logged or tracked." (ECF No. 32-1 at 2). The Affidavit does not specify how legal mail is to be marked by the offenders.

According to Shifflett's investigation, the legal mail logs for the time period of December 1, 2012 through March 31, 2013 reflect correspondence from Brown addressed to the U.S. District Court, Norfolk Division, on February 27, 2013. The log also

5

reflects that Brown sent out legal correspondence directed to the Office of the Attorney General and to the U.S. District Court, Alexandria Division, on March 1, 2013. No other legal correspondence was mailed to the U.S. District Court, Norfolk Division, the Office of the Attorney General, or the U.S. District Court, Alexandria Division, during the referenced time period. Id. at 1.

In addition to the Affidavit of Postal Assistant Shifflett, the Respondent submitted copies of documents it received from Brown during the relevant time period. Specifically, the Attorney General's Office received a Notice of Appeal and a copy of a cover letter on January 16, 2013, but no Motion for a Certificate of Appealability. The Notice of Appeal was signed by Brown with a Certificate of Service dated January 10, 2013. (ECF No. 32-2). On March 1, the Attorney General's office received Brown's Motion for Certificate of Appealability, which was also accompanied by a cover letter dated January 10, 2013 and a Certificate of Service dated January 10, 2013. Later, on March 5, 2013, the Respondent received a second Notice of Appeal also signed by Brown with the same January 10, 2013 Certificate of Service. Although the two Notices appear to be identical, the signatures are different, and thus, the March 5, 2013 Notice of Appeal is not an exact copy of the one received by the Attorney General on January 16, but a different (though textually identical) pleading. The March 5 mailing also

6

included another Motion for Certificate of Appealability. (ECF No. 32-4).

### III. <u>RECOMMENDED FINDINGS OF FACT</u>

Based on the foregoing evidence, the court should make the following factual findings to supplement the record.

Brown is incarcerated at the Augusta Correctional Center in Craigsville, Virginia ("Augusta"). Augusta maintains a system for monitoring and cataloging outgoing legal mail. Under the system, outgoing legal mail is stamped and logged by prison mailing officials.

Inmates at Augusta deposit outgoing mail in locked mail receptacles in each housing unit. The mail is retrieved from the locked receptacles, placed in a mail bag and delivered to the central mailing office where all legal mail is stamped and logged. Mail which is not identified as legal mail is neither stamped, nor logged, but mailed as general correspondence, which the Augusta facility does not track.

On January 10, 2013, Brown placed a Notice of Appeal in the prison mailing system addressed to this court (the "January Notice"). He simultaneously placed a Notice of Appeal addressed to the Respondent in the outgoing mail. The Respondent received his mailed copy of the January Notice on January 16, 2013. This court never received the January Notice. Neither the Respondent's copy nor the court's were identified as legal mail and, as a result,

7

neither were stamped or logged by Augusta mailing officials.

Brown's testimony that he mailed the January Notice to this court is the only evidence on the subject, but it is not inherently incredible. Although neither outgoing parcel was logged as legal mail, Brown's testimony is partially corroborated by the Respondent's receipt of the January Notice, and an accompanying cover letter addressed to this court on January 16, 2013. (ECF No. 32-2). The Respondent concedes he is not able to directly contradict Brown's sworn statement that the Notice was mailed as alleged. (ECF No. 32 at 4).

Other than by its addressee, Brown did not identify the January Notice as outgoing legal mail and the January Notice was not stamped or logged as legal mail by the Augusta Mailroom staff. Brown also did not certify the date of depositing the January Notice in the prison mails as provided under 28 U.S.C. § 1746. (See Petition, ECF No. 1 at 15, certifying date petition was placed in prison mailing system).

When he did not receive any acknowledgment of the January Notice, Brown arranged for Bettie Ward, the spouse of a fellow inmate, to contact the court inquiring as to the status of his appeal. Bettie Ward telephoned the court in late February 2013 and learned that the January Notice had not arrived. Bettie Ward communicated this information to Brown who arranged to mail a second, textually identical Notice of Appeal along with a

Memorandum requesting a Certificate of Appealability (the "February Notice"). Brown sent the February Notice to this court by depositing it in the prison mail system on or about February 26, 2013. The February Notice was identified and logged as legal mail on February 27, 2013. The February Notice arrived March 4, 2013. The envelope containing the February Notice is stamped as "Outgoing Legal Mail" by the Augusta Facility. (ECF Nos. 18-2, 19-2). Several other letters received from Brown during the litigation in this court were also stamped "Outgoing Legal Mail" by the Augusta Facility (e.g. ECF Nos. 9-2, 28-2, 30-2).

Between December 1, 2012 and March 31, 2013, Brown mailed three items identified as legal mail: the February Notice, mailed February 27, 2013; and two items mailed March 1, 2013 to the Respondent and to this court's Alexandria division. No other legal mail was logged for Brown during this time period.

## IV. RECOMMENDATION

Based on the foregoing summary of the evidence, the undersigned recommends that the court enter an Order adopting these findings of fact, and thereafter return the record as supplemented to the Fourth Circuit Court of Appeals for further consideration.

## V. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with

the Clerk any written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this Report to the objecting party, 28 U.S.C. § 636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of right to appeal from a judgment of this court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir.1984); United States v. Schronce, 727 F.2d 91 (4th Cir.1984).

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

December 3, 2013

10

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Order was mailed this date to the following:

Douglas Michael Brown, Jr., #1006008
Augusta Correction Center
1812 Estaline Valley Road
Craigsville, VA  24430

Robert H. Anderson, III
Office of the Attorney General
900 E. Main Street
Richmond, VA  23219

Fernando Galindo,
Clerk of Court

By: _____
Deputy Clerk

December 3, 2013

11