UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

DOUGLAS MICHAEL BROWN, JR., :
#1006008, :
 :
    *Petitioner,* :
 :
v. : USDC Civil Action No. 2:12cv117
 : USCA Case No. 13-6410
HAROLD CLARKE, :
Director Virginia Department :
Of Corrections, :
 :
    *Respondent.* :

### ORDER

This case was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254, which was denied and dismissed by Final Order on December 20, 2012. On March 4, 2013, the court received and filed Brown's Notice of Appeal. Brown maintains that he delivered the Notice of Appeal and a Motion for Certificate of Appealability to the prison mailroom within the thirty-day period for filing an appeal. By unpublished Opinion dated July 24, 2013, the Fourth Circuit remanded the case "for the limited purpose of allowing the District Court to make factual findings as to the date Brown properly delivered his Notice of Appeal to prison officials for filing." Brown v. Clarke, No. 13-6410, slip op. at 2 (4th Cir. July 24, 2013).

The matter was referred to a United States Magistrate Judge who directed the parties to submit additional evidence to demonstrate the date Brown delivered the Notice of Appeal to prison

mailing officials. The Magistrate Judge received exhibits and memoranda from the parties and thereafter filed a Report and Recommendation on December 3, 2013, recommending the court supplement the record with the factual findings set out below. The parties were advised of their right to file written objections to the findings and recommendations made by the Magistrate Judge. The court received no objections to the Report and Recommendation and the time for filing objections has now expired.

Accordingly, the court ADOPTS the findings and recommendations set forth in the Magistrate Judge's Report and Recommendation filed December 3, 2013 and makes the following **Findings of Fact**:

Brown is incarcerated at the Augusta Correctional Center in Craigsville, Virginia ("Augusta"). Augusta maintains a system for monitoring and cataloging outgoing legal mail. Under the system, outgoing legal mail is stamped and logged by prison mailing officials.

Inmates at Augusta deposit outgoing mail in locked mail receptacles in each housing unit. The mail is retrieved from the locked receptacles, placed in a mail bag and delivered to the central mailing office where all legal mail is stamped and logged. Mail which is not identified as legal mail is neither stamped, nor logged, but mailed as general correspondence, which the Augusta facility does not track.

On January 10, 2013, Brown placed a Notice of Appeal in the

prison mailing system addressed to this court (the "January Notice"). He simultaneously placed a Notice of Appeal addressed to the Respondent in the outgoing mail. The Respondent received his mailed copy of the January Notice on January 16, 2013. This court never received the January Notice. Neither the Respondent's copy nor the court's were identified as legal mail and, as a result, neither were stamped or logged by Augusta mailing officials.

Brown's testimony that he mailed the January Notice to this court is the only evidence on the subject, but it is not inherently incredible. Although neither outgoing parcel was logged as legal mail, Brown's testimony is partially corroborated by the Respondent's receipt of the January Notice, and an accompanying cover letter addressed to this court on January 16, 2013. ECF No. 32-2. The Respondent concedes he is not able to directly contradict Brown's sworn statement that the Notice was mailed as alleged. ECF No. 32 at 4.

Other than by its addressee, Brown did not identify the January Notice as outgoing legal mail and the January Notice was not stamped or logged as legal mail by the Augusta Mailroom staff. Brown also did not certify the date of depositing the January Notice in the prison mails as provided under 28 U.S.C. § 1746. See Petition, ECF No. 1 at 15 (certifying date petition was placed in prison mailing system).

When he did not receive any acknowledgment of the January

Notice, Brown arranged for Bettie Ward, the spouse of a fellow inmate, to contact the court inquiring as to the status of his appeal. Bettie Ward telephoned the court in late February 2013 and learned that the January Notice had not arrived. Bettie Ward communicated this information to Brown who arranged to mail a second, textually identical Notice of Appeal along with a Memorandum requesting a Certificate of Appealability (the "February Notice"). Brown sent the February Notice to this court by depositing it in the prison mail system on or about February 26, 2013. The February Notice was identified and logged as legal mail on February 27, 2013. The February Notice arrived March 4, 2013. The envelope containing the February Notice is stamped as "Outgoing Legal Mail" by the Augusta Facility. ECF Nos. 18-2, 19-2. Several other letters received from Brown during the litigation in this court were also stamped "Outgoing Legal Mail" by the Augusta Facility. <u>See, e.g.</u>, ECF Nos. 9-2, 28-2, 30-2.

Between December 1, 2012, and March 31, 2013, Brown mailed three items identified as legal mail: the February Notice, mailed February 27, 2013; and two items mailed March 1, 2013, to the Respondent and to this court's Alexandria division. No other legal mail was logged for Brown during this time period.

It is therefore **ORDERED** that the record be supplemented with the factual findings set forth above and returned to the Fourth Circuit Court of Appeals for further consideration in connection

with Brown's pending proceedings in that court.

The Clerk is **DIRECTED** to mail a copy of this Order to petitioner and to counsel of record for respondent.

/s/
Rebecca Beach Smith
Chief
United States District Judge

REBECCA BEACH SMITH
CHIEF UNITED STATES DISTRICT JUDGE

January 3, 2014